PROB 12 (Rev. 11/1/2004)

OCT 2 2006

FILED BY CLERK OF COURT

RECEIVED

OCT 2 2006

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. James Daniel Dechon Ellis**

**Docket No. 0:01CR00056-001(DSD)**

**SECOND AMENDED Petition on Supervised Release**

COMES NOW **Douglas S. Stevens**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **James Daniel Dechon Ellis** who was sentenced for Bank Fraud on November 16, 2001, by the Honorable David S. Doty, who fixed the period of supervision at 5 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

No new credit, drug aftercare, provide financial access, mental health, and restitution in the amount of $49,414.17.

25 hours of community service (modified on March 9, 2004)
90 days in a home detention program (modified on April 22, 2004)
24 hours of community service (modified on November 28, 2005)
180 days in a Residential Re-Entry Center (modified on March 28, 2006)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

MANDATORY CONDITION: The defendant shall not commit another state, federal, or local crime.

STANDARD CONDITION: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

On July 21, 2006, Mr. Ellis was cited by Dakota County law enforcement for Driving After Revocation. The case is pending.

On August 12, 2006, Mr. Ellis was arrested by Minneapolis law enforcement for Second Degree Driving While Impaired. The preliminary field breath test registered a .24. The case is pending.

Mr. Ellis failed to notify this officer of his contact with law enforcement/arrest within 72 hours on both cases.

SPECIAL CONDITION: The defendant shall participate for a period of time up to entry into the Residential Re-Entry Center in a home detention program which may include electronic monitoring. The defendant shall not be responsible for the costs of electronic monitoring.

SCANNED
SCANNED
OCT 03 2006
U.S. DISTRICT COURT MPLS

On August 23, 2006, Mr. Ellis was placed on home detention/electronic monitoring. On August 23, 24, and 25, 2006, Mr. Ellis was authorized to leave his residence for work. He left the residence on the aforementioned dates, however, he was absent from work. Mr. Ellis contends he was at work on August 23 and 24, 2006, but his employer is adamant he was not there. Mr. Ellis admitted to this officer that on August 25, 2006, he was at his mother's residence during the time he was only authorized to be at work.

**Additional Violation:**

**On September 11, 12, 13, 18, and 19, 2006, Mr. Ellis was authorized to leave his residence for work. He left the residence on the aforementioned dates, however, according to his employer, he was absent from work. The said violations occurred while Mr. Ellis was on bond pending a final revocation hearing,**

PRAYING THAT THE COURT WILL ORDER That **the Petition on Supervised Release dated August 30, 2006, be amended to include the additional violations as noted above.**

ORDER OF THE COURT

Considered and ordered this 2nd day of Oct., 2006, and ordered filed and made a part of the records in the above case.

Honorable David S. Doty
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Douglas S. Stevens
U.S. Probation Officer

Executed on September 29, 2006
Place Minneapolis